UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PJ'S PAWN PLUS, LLC, ET AL.,  )<br>)<br>Plaintiffs,  )<br>)<br>VS.  )<br>)<br>NTR METALS, LLC a/k/a NORTH  )<br>TEXAS REFINING, LLC,  )<br>)<br>Defendant.  ) | CIVIL ACTION NO.<br><br>3:11-CV-0797-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant NTR Metals, LLC a/k/a North Texas Refining, LLC ("NTR") to dismiss the plaintiffs' claims against it. For the following reasons, the motion is denied.

### I. BACKGROUND

On April 18, 2011, this case was transferred from the United States District Court for the Northern District of Illinois, Eastern Division. On June 3, 2011, the plaintiffs filed a first amended class action complaint in this court in which they brought claims against NTR for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMM. CODE ANN. § 17.41, *et seq.*,

negligence, unjust enrichment, common law fraud and fraudulent misrepresentation, statutory fraud,[*] fraudulent inducement, and negligent misrepresentation. *See generally* First Amended Class Action Complaint.

## II. ANALYSIS

### A. Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiffs could prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Wright & Miller, Federal Practice and Procedure § 1357), *cert. denied*, 459 U.S. 1105 (1983). Granting such a motion "is a 'precarious disposition with a high mortality rate.'" *Id*. (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)).

---

[*] The plaintiffs have subsequently abandoned their claim for statutory fraud. Plaintiffs' Response to Defendants' Motion to Dismiss at 1 n.1 (docket entry 120). Accordingly, as to this claim only, the motion to dismiss is granted.

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movants. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

The thrust of the motions is that the plaintiffs have failed to state claims upon which this court could grant them relief. The court concludes, however, that the defendants have failed to show that the plaintiffs could prove no set of facts in support of their claims that would entitle them to relief. See *Conley*, 355 U.S. at 45-46.

### III. CONCLUSION

For the reasons stated, the motions are **DENIED**.

**SO ORDERED**.

March 21, 2012.

                                */s/ A. Joe Fish*
                                A. JOE FISH
                                **Senior United States District Judge**